**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4421-18T1

BLAINE HOLLEY,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted May 18, 2020 – Decided July 7, 2020

Before Judges Ostrer and Susswein.

On appeal from the New Jersey Department of Corrections.

Blaine Holley, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner, Blaine Holley, appeals from a final agency decision by the Department of Corrections (DOC) imposing disciplinary sanctions for fighting with another inmate during a recreation period. Petitioner pleaded guilty to the infraction. The disciplinary hearing officer also took testimony and found petitioner guilty. The hearing officer imposed ninety-one days of administrative segregation, a ninety-one day loss of commutation time, and a ninety-one day loss of recreation privileges (LORP). Petitioner's conviction and sanctions were upheld on administrative appeal. After carefully reviewing the record in view of the legal principles governing this appeal, we affirm the administrative conviction and the sanctions that were imposed.

I.

The facts adduced at the disciplinary hearing show that petitioner and another inmate began arguing over a phone during a recreation period. The argument escalated to a physical altercation during which both inmates exchanged close-fisted blows. Corrections Officer Gallegos observed the fight and sounded an alarm. The Officer ordered petitioner and the other inmate to stop fighting. They both ignored the command and continued to fight until a response team arrived.

Petitioner was charged with committing a prohibited act *.004, fighting with another person, in violation of N.J.A.C. 10A:4-4.1(a)(2)(i). Petitioner was represented at the hearing by counsel substitute. Petitioner pled guilty to fighting and did not argue that he had acted in self-defense. He was offered but declined the opportunity to call witnesses on his behalf at the hearing.

Counsel substitute requested leniency, citing the fact that petitioner did not have any disciplinary infractions in the last six years of incarceration. The hearing officer did in fact extend a measure of leniency by imposing only half the period of LORP that might have been imposed under N.J.A.C. 10A:4-5.1(s)(8). The hearing officer determined that the sanctions that were imposed were necessary to deter fighting.

## II.

Petitioner raises the following points for our consideration:

POINT I

> REQUEST TO VACATE ADJUDICATION MUST BE GRANTED, WHERE THE HEARING OFFICER FAILED TO TAKE INTO CONSIDERATION APPELLANT'S CLAIM THAT APPELLANT WAS DEFENDING HIMSELF.

POINT II

> APPELLANT WAS NOT PROVIDED WITH COMPETENT COUNSEL SUBSTITUT[E].

III.

We begin our analysis by acknowledging the legal principles we must apply, including the deference we owe to administrative agencies. "The judicial capacity to review administrative agency decisions is limited." Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (citing Pub. Serv. Elec. v. N.J. Dep't of Envtl. Prot., 101 N.J. 95, 103 (1985)). We defer to administrative agencies in recognition of their "expertise and superior knowledge of a particular field." Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992) (citations omitted). Accordingly, we will disturb the agency's decision only if we determine it is "arbitrary, capricious or unreasonable," or is unsupported "by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980) (citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)).

The deference we afford to DOC's decision making is supported by DOC's important mission to safeguard prison safety and security. See Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 238–39 (App. Div. 2019) (admonishing reviewing court to "not substitute its own judgment for the agency's" (quoting In re Stallworth, 208 N.J. 182, 194 (2011))). We note that safety and security of the institution is directly threatened when inmates engage in fighting,

A-4421-18T1

especially when, as in this case, the altercation requires the intervention of a response team.

IV.

The DOC urges us to disregard petitioner's claims because he failed to raise them at the disciplinary hearing. We are not required to consider an issue raised for the first time on appeal, provided there was an opportunity to present the issue, unless it goes to the jurisdiction of the trial court or concerns matters of substantial public interest. State v. Robinson, 200 N.J. 1, 20 (2009) (citing Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). Although we do not believe the arguments petitioner presents to us concern a matter of substantial public interest, we choose to consider petitioner's claims on the merits, applying the plain-error standard of review. R. 2:10-2.

To a large extent, petitioner's claims rest on the assumption that the fight was recorded on surveillance video. He argues, for example, that such video would show that he acted in self-defense. However, the current record does not include a video recording or video summary of the incident.

Petitioner contends his counsel substitute was ineffective by not demanding production of any surveillance video, by not raising a self-defense

5

claim,[1] and by allowing the hearing officer to impose a LORP sanction longer than the maximum period authorized by regulation. We reject these contentions.

An inmate is not entitled to "formal retained or assigned counsel," Avant v. Clifford, 67 N.J. 496, 537 (1975), let alone the effective assistance of such counsel. See generally Strickland v. Washington, 466 U.S. 668 (1984) (describing the standard for effective assistance of counsel guaranteed by the Sixth Amendment). Rather, an inmate is entitled to a counsel substitute. Avant, 67 N.J. at 537. Although that person must be trained as a paralegal,[2] a counsel substitute cannot be held to the standards of knowledge or diligence of an attorney. Furthermore, a disciplinary decision should be disturbed only if a counsel substitute's failure to provide a minimal level of competence causes the

---

[1] Although it is unclear whether a video of this incident exists, we believe petitioner's self-defense claim would fail. N.J.A.C. 10A:4-9.13 provides that the inmate claiming self-defense needs to provide evidence that "[t]he inmate had no reasonable opportunity or alternative to avoid the use of force, such as, by retreat or alerting correctional facility staff," among other things. Here, the petitioner ignored orders from a corrections officer to stop fighting, necessitating a response team. Even if a video were to show petitioner was not the initial aggressor, the same video would show "a reasonable opportunity or alternative to avoid the use of force" once the corrections staff arrived and ordered the inmates to stop fighting.

[2] N.J.A.C. 10A:6-2.13 and N.J.A.C. 10A:6-2.14 provide guidelines concerning the required training to become an inmate paralegal and for general provisions regarding legal assistance for inmates.

inmate prejudice. Cf. Strickland, 466 U.S. at 687 (requiring a showing of prejudice as one of two essential elements of an ineffective assistance of counsel claim).

Without charting the precise boundaries of the minimal standard of competence of a counsel substitute, we conclude in this case that petitioner was not deprived of his rights. It was a reasonable defense strategy for counsel substitute to focus on seeking leniency based on petitioner's exemplary institutional record. Petitioner has failed to show that pursuit of that defense strategy—which was at least partially effective—was outside the range of competence that should be expected of a counsel substitute.

Furthermore, petitioner's contention that imposition of the ninety-one-day LORP is not authorized under DOC regulations is incorrect. Because the fighting occurred during a recreation period, N.J.A.C. 10A:4-5.1(s)(8) allows for LORP of up to 180 days.

We conclude there was no abuse of discretion in upholding the hearing officer's decision on the basis of substantial evidence and petitioner's guilty plea. To the extent we have not addressed them, any additional arguments raised by petitioner lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4421-18T1